Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/12/2019 09:06 AM CDT

State of Nebraska, appellee, v.
Tammy J. Ettleman, appellant.

___ N.W.2d ___

Filed July 12, 2019.    No. S-17-782.

1. **Pleas: Appeal and Error.** A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

3. **Criminal Law: Intent: Minors.** The Class IIIA felony of child abuse under Neb. Rev. Stat. § 28-707(4) (Reissue 2016) is required to have been committed knowingly and intentionally.

4. **Criminal Law: Intent: Words and Phrases.** Under Neb. Rev. Stat. § 28-201 (Reissue 2016), one commits criminal attempt if he or she intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be.

5. **Pleas.** Requiring a factual basis ensures that a defendant actually committed an offense at least as serious as the one to which he or she is willing to plead guilty.

6. **Double Jeopardy: Pleas: Appeal and Error.** The Double Jeopardy Clause is not violated when a criminal defendant pleads guilty while reserving his or her right to appeal, prevails on appeal, and consequently must either replead, endure further pretrial proceedings, or go to trial.

7. **Pleas: Appeal and Error.** The remedy for an inadequate factual basis is an order vacating the guilty plea and restoring both parties to their positions prior to the trial court's acceptance of the plea. If an appellate court determines that a plea has been accepted without an adequate factual basis, the plea, the judgment of conviction, and the sentence must be vacated, the dismissed charges reinstated, and the defendant allowed to replead or to proceed to trial.

8. **Pleas.** Where it is possible to establish a factual basis to the charges to which the defendant had entered a plea, the State should be given the opportunity to establish a factual basis.

Petition for further review from the Court of Appeals, Riedmann, Bishop, and Welch, Judges, on appeal thereto from the District Court for Saunders County, Mary C. Gilbride, Judge. Judgment of Court of Appeals affirmed in part and in part reversed, and cause remanded with directions.

Thomas J. Klein, Saunders County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

NATURE OF CASE

We granted the State's petition for further review of the decision of the Nebraska Court of Appeals which reversed Tammy J. Ettleman's plea-based conviction for felony child abuse. The Court of Appeals concluded that the factual basis presented by the State was not sufficient to support Ettleman's no contest plea and therefore "reverse[d] the order of the district court [for Saunders County] which accepted that no contest plea and . . . vacate[d] Ettleman's conviction for felony child abuse." *State v. Ettleman*, No. A-17-782, 2018 WL 3902173 at *5 (Neb. App. Aug. 14, 2018) (selected for posting to court website). Ettleman had also pled no contest to a count of attempted possession of a controlled substance, and the Court of Appeals affirmed that plea-based conviction. However, the Court of Appeals reasoned that "because the district court ordered only one sentence for both convictions," it must vacate the sentence and remand the matter for

resentencing on Ettleman's conviction for attempted possession of a controlled substance. *Id.* at *1.

The State claims on further review that the Court of Appeals erred both when it found there was not a sufficient factual basis for the plea to felony child abuse and when it "suggest[ed]" that Ettleman could not be subject to retrial on the child abuse charge upon remand.

We conclude that the Court of Appeals did not err when it found that there was not a sufficient factual basis for the felony child abuse plea. However, we determine that the Court of Appeals erred in its disposition, because it focused only on the conviction for felony child abuse rather than setting forth a remedy focused on the entire plea agreement. We therefore affirm in part and in part reverse the decision of the Court of Appeals, and we remand the cause to the Court of Appeals with directions as set forth herein.

## STATEMENT OF FACTS

In its memorandum opinion, the Court of Appeals set forth the facts of this case for which we find support in the record as follows:

> On January 17, 2017, the State filed an information charging Ettleman with: count I, delivery of a controlled substance, a Class II felony, pursuant to Neb. Rev. Stat. § 28-416 (Reissue 2016); count II, aiding and abetting delivery of a controlled substance, a Class II felony, pursuant to § 28-416 and Neb. Rev. Stat. § 28-206 (Reissue 2016); and count III, child abuse, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-707 (Reissue 2016).
>
> On March 27, 2017, pursuant to a plea agreement, Ettleman pled "no contest" to an amended count I (now attempted possession of a controlled substance, a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-201 (Reissue 2016)) and count III (child abuse); the State agreed to dismiss count II (aiding and abetting delivery of

a controlled substance). The State provided the following factual basis:

"On November 28, 2016, officers with III Corps Drug Task Force and Cedar Bluffs Police Department executed a search warrant on the residence of Tanya Brainard, Cedar Bluffs, Saunders County. In the course of that search warrant, the investigation discovered that the defendant, Tammy Ettleman, had been providing narcotics to Tanya Brainard and that a significant balance was remaining.

"In the course of the investigation, [Ettleman] agreed to — arrived at Tanya Brainard's home a few blocks away in exchange — to receive some of the past due account, as well as sell some new pills, that being oxycodone. [Ettleman] indicated that she had her 11-year-old son, identified by initials CE, born in 2005, with her and that he was still in his PJs.

"While the officers were still present, [Ettleman] arrived at the Brainard residence with her son, CE, and for the purpose of the plea agreement, did attempt to possess oxycodone, a Schedule II narcotic substance. These events [occurred] in Saunders County."

When asked if there were any comments to the factual basis, Ettleman's attorney stated, "Would address those at sentencing, Your Honor." The district court proceeded to find the "factual basis sufficient to convict [Ettleman] on her no contest pleas." The court found the pleas were entered into knowingly and voluntarily, and found Ettleman guilty as charged in count I as amended and count III. The matter was then scheduled for sentencing.

At the sentencing hearing, Ettleman said she realized she made mistakes, "but [she] would never put [her] son in danger." She acknowledged giving Brainard "a couple pills here and there, which [she] should not have done, and that was a huge mistake." She said she was not "this big drug dealer," rather, she felt sorry for Brainard. She

"did not take [her son] there trying to put him into any danger whatsoever. [She] would never do that." She went on to say, "I love my son very much, and, you know, I went in there, asked if [Brainard] was there and went out. That was all that it was. It was not trying to put him in danger at all, you know." She said she was "taken aback" when she came in "for the status hearing" after being told it was going to be a misdemeanor, "and then they threw this felony child abuse in on me." The court proceeded to order one sentence of 24 months' probation for both convictions (without any noted separation or apportionment of the sentence between the two convictions), with various conditions, including serving 90 days in jail (to be served in three waivable 30-day terms). The court's written order of probation was filed June 26, 2017. Ettleman timely appealed.

*State v. Ettleman*, No. A-17-782, 2018 WL 3902173 at *1-2 (Neb. App. Aug. 14, 2018) (selected for posting to court website). To clarify the sentencing, we note that in its order, the district court set forth the length and terms of probation as being applicable to both convictions but it stated that the jail time was specifically applicable to the conviction for attempted possession of a controlled substance.

Ettleman claimed on appeal to the Court of Appeals that the district court erred when it found that the State had presented a sufficient factual basis to support her plea of no contest to felony child abuse. We have long held that a factual basis is required to show that a plea was made understandingly and knowingly, see *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and that a challenge to the understandingly and voluntary nature of the plea can be made on appeal, see *State v. Mason*, 187 Neb. 675, 193 N.W.2d 576 (1972). The Court of Appeals found merit to Ettleman's claim that the factual basis was insufficient. The Court of Appeals first rejected the State's argument that Ettleman had waived a challenge to the factual basis when she did not object to the factual basis

in the district court. The Court of Appeals cited our decision in *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016), in which we reasoned that a sufficient factual basis is a requirement for a finding that a plea was entered into understandingly and voluntarily and that, because one of the limited challenges that may be made to a plea-based conviction on appeal is whether the plea was understandingly and voluntarily made, a defendant does not waive a challenge to the factual basis when he or she enters a plea. See, *State v. Clemens*, 300 Neb. 601, 915 N.W.2d 550 (2018); *State v. Schiesser*, 24 Neb. App. 407, 888 N.W.2d 736 (2016). The State does not challenge this ruling on further review.

The Court of Appeals then identified the elements of felony child abuse as set forth in Neb. Rev. Stat. § 28-707(1) (Reissue 2016), which provides in relevant part:

A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be:

(a) Placed in a situation that endangers his or her life or physical or mental health;

(b) Cruelly confined or cruelly punished;

(c) Deprived of necessary food, clothing, shelter, or care;

(d) Placed in a situation to be sexually exploited . . . ;

(e) Placed in a situation to be sexually abused . . . ; or

(f) Placed in a situation to be a trafficking victim . . . .

Under § 28-707(4), if the child abuse offense is committed knowingly and intentionally and does not result in serious bodily injury or death, it is a Class IIIA felony.

The Court of Appeals determined that based on the plain language of § 28-707(1), the factual basis that was set forth by the State at Ettleman's plea hearing did not show that Ettleman knowingly and intentionally placed her son in a situation that endangered his life or physical or mental health, nor did it show a basis for any of the other ways set forth in the statute for committing child abuse. The Court of Appeals

acknowledged that it could look beyond the factual basis given at the plea hearing and consider other material when deciding whether a factual basis existed. The Court of Appeals therefore examined the presentence investigation report and noted that it contained further details regarding the events that gave rise to the charges against Ettleman.

After considering the record as a whole, including information in the presentence investigation report, the Court of Appeals stated:

> Ettleman took her son to her friend's house at approximately 8:30 in the evening, and immediately left when she realized her friend was not home. While we acknowledge that Ettleman went to the home to sell prescription medication, an illegal action, we fail to see, based on these facts, how Ettleman knowingly and intentionally exposed her child's life or physical or mental health to danger or the peril of probable harm or loss.

*State v. Ettleman*, No. A-17-782, 2018 WL 3902173 at *4 (Neb. App. Aug. 14, 2018) (selected for posting to court website). The Court of Appeals concluded that the record did not show a sufficient factual basis to meet the elements under § 28-707(1) and (4) and that therefore, the district court abused its discretion when it accepted Ettleman's no contest plea to felony child abuse and when it found her guilty of that offense.

Based on this conclusion, the Court of Appeals determined that the proper disposition of the appeal was to "reverse the order of the district court which accepted that no contest plea" and to "vacate Ettleman's conviction for felony child abuse." *State v. Ettleman*, 2018 WL 3902173 at *5. The Court of Appeals acknowledged that the State had urged in its brief that if the factual basis was insufficient, then the proper remedy would be to "'undo the *entire* plea bargain, and return the parties to square one and start over.'" *Id*. at *4. The Court of Appeals responded to the State's argument by stating that "the State's ability to further prosecute Ettleman is a matter to be

determined at the trial level before it can be considered on appeal." *Id.*

Contrary to the State's urging that the "proper remedy is to undo the *entire* plea bargain," brief for appellee at 6-7, the Court of Appeals vacated Ettleman's plea-based conviction for felony child abuse but affirmed her plea-based conviction for attempted possession of a controlled substance. The Court of Appeals noted that the district court "provided only one sentence for both convictions," *State v. Ettleman*, 2018 WL 3902173 at *1, and it therefore vacated Ettleman's sentence and remanded the matter to the district court for resentencing on the remaining conviction for attempted possession of a controlled substance.

We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR

On further review, the State claims that the Court of Appeals erred when it found that Ettleman's plea to felony child abuse was not supported by a factual basis and when it therefore reversed her conviction for that offense. The State further claims that the Court of Appeals erred when it "suggest[ed]" that Ettleman would not be subject to retrial on the felony child abuse charge. The State contends that if the plea to felony child abuse was in fact not supported by a factual basis, then the proper disposition upon remand is either (1) the State is given an opportunity to establish a factual basis or (2) the entire plea agreement is set aside and the original charges are reinstated.

## STANDARD OF REVIEW

[1,2] A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. See *State v. Clemens*, 300 Neb. 601, 915 N.W.2d 550 (2018). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly

depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## ANALYSIS

*The Factual Basis in This Case Was*
*Not Sufficient to Support the Plea*
*to Felony Child Abuse.*

The State claims that the Court of Appeals erred when it found that Ettleman's plea to felony child abuse was not supported by a factual basis. We have long stated that a trial court is accorded discretion in deciding to accept a guilty plea. See *State v. Clemens, supra*. However, we are aware that we have not spoken on the particular level of probable guilt for the factual basis inquiry. We are further aware that there is a range of "proof" which various courts have required. For example, some courts have held that a court does not need to be convinced beyond a reasonable doubt that the defendant is guilty, e.g., *Maes v. State*, 114 P.3d 708 (Wyo. 2005), but only that the record demonstrates the facts to support the elements of the offense, e.g., *Rhoades v. State*, 848 N.W.2d 22 (Iowa 2014), or that the factual basis must supply evidence about the elements from which the court could reasonably conclude that the defendant is guilty, e.g., *Rhoades v. State*, 675 N.E.2d 698 (Ind. 1996). However, the comment to the ABA Standards for Criminal Justice, Pleas of Guilty, Standard 14-1.6(a), commentary at 68 (3d ed. 1999), has summarized this area and stated as follows:

> The matter is left largely to the discretion of the judge, as the circumstances of the case will dictate both the degree and kind of inquiry that is necessary. This approach is consistent with the Federal Rules of Criminal Procedure and most other authorities, except for the Model Code of Pre-Arraignment Procedure, which states that there must be "reasonable cause" to believe the defendant is guilty. The purpose of this language, according to the commentary to that provision, is to assure at the taking of a guilty

plea that there is at least a factual showing sufficient to hold a defendant after a preliminary hearing.

We determine that in this case, we need not resolve the issue of the proper level of probable guilt for the factual basis inquiry because under each of the standards, the factual basis was not sufficient and the Court of Appeals did not err when it found that the factual basis for felony child abuse was insufficient.

We generally read the Court of Appeals' opinion as determining that although § 28-707(1) sets forth various ways in which a person might commit child abuse, the only one that was arguably supported by the facts of this case was that set forth in subsection (1)(a), which provides that one commits child abuse if he or she causes or permits a minor child to be "[p]laced in a situation that endangers his or her life or physical or mental health." The Court of Appeals determined that there was no evidence that Ettleman's child was actually placed in a situation that endangered his life or physical or mental health; instead, the evidence was that she took him to the home of a friend and that at the time they entered, it was occupied by law enforcement officers. The Court of Appeals reasoned that although Ettleman went to the home with the intention of committing an illegal act by selling prescription medication, there was no evidence of any situation at the house that in fact endangered the child's life or physical or mental health. We too recognize that Ettleman went to Tanya Brainard's house to sell prescription medication, and we do not condone Ettleman's conduct. But, we find no assertion or evidence in the record that the child was endangered when Ettleman embarked upon or drove to Brainard's house or upon entering the house.

On further review, the State challenges the completeness of the Court of Appeals' review of the record, in particular, its consideration of the presentence investigation report. It disputes the Court of Appeals' characterization of certain aspects of the record. The State highlights information from

an investigative report prepared by Christian Frerichs, a law enforcement officer involved in Ettleman's arrest. Frerichs' report was included in the presentence investigation report. Frerichs' report indicates that he and other officers executed a search warrant at Brainard's house, during which they gained access to Brainard's cell phone. Frerichs discovered text message conversations with Ettleman which indicated that Ettleman had previously sold prescription medication to Brainard and that Brainard owed Ettleman "a significant amount of money for past drug debts."

Frerichs initiated a text messaging conversation with Ettleman using Brainard's cell phone and posing as Brainard. Frerichs sent Ettleman texts indicating that Ettleman could collect some of the amounts that were due if she brought additional pills to Brainard's house. Ettleman texted in reply that Brainard owed her $430, and Frerichs, posing as Brainard, said that Ettleman could collect approximately $300 of that amount because "a buyer [was] coming to town shortly and . . . they would have cash in hand." After discussing quantities and price, Ettleman offered to bring approximately 40 pills to Brainard's house.

Ettleman arrived at Brainard's house and, after texting Brainard (Frerichs) to announce her arrival, Ettleman "walked into Brainard's residence along with her 11 year old son." Ettleman was met by two officers. Ettleman asked where Brainard was, and after she was told that Brainard was not there, Ettleman returned to her van to wait for Brainard's return. Frerichs asked the other officers to go speak with Ettleman; they did so, and eventually Ettleman returned with them to the residence where Frerichs told her that he—rather than Brainard—had been exchanging text messages with her.

The State points to information in Frerichs' report as factual support for Ettleman's plea to felony child abuse. The State asserts that "Ettleman knowingly took her son to a substantial drug deal to deliver 44 [pills] to a person who already owed over $400 for drugs." Brief for appellee in support of petition

for further review at 6-7. The State further asserts that "there would also be an unknown person present who ostensibly had money to pay for the drugs Ettleman was bringing." *Id*. at 7. The State contends that Ettleman should have been "highly suspect of a promise . . . that an unknown party had cash in had [sic] to pay for the drugs" and that it "should have been readily apparent that there was a substantial chance that Ettleman was being set up for a robbery." *Id.* The State further contends that "to willingly allow her son inside the house where [a robbery might] have occurred at least negligently placed him in a situation that endangered his physical health." *Id*.

[3] We note that in this case, Ettleman was charged in count III as having committed the Class IIIA felony of child abuse, which, under § 28-707(4), is required to have been committed knowingly and intentionally. She was not charged with a crime committed negligently under the criminal statutes. When the alleged abuse does not result in serious bodily injury, the abuse is committed negligently and is a Class I misdemeanor under § 28-707(3). But, contrary to the State's urging, the felony child abuse to which Ettleman pled could not be supported by a negligent act. The statute under which Ettleman was charged requires that the child actually be "[p]laced in a situation that endangers" the child. § 28-707(1)(a). Regardless of what Ettleman believed regarding the situation in Brainard's house, the situation that actually existed was composed of the fact that there were a number of law enforcement officers inside the house. It is not accurate to conclude that the child was actually endangered by the presence of law enforcement officers.

Despite the facts on the ground, the State's argument relies on inferences that Ettleman should have "known" that the person who allegedly had money to buy pills would be at Brainard's house, that she was possibly being set up for a robbery, and that the unknown person posed a threat to her and her son. It is not clear from Frerichs' report that Ettleman was told that the buyer would be at Brainard's house; the record shows

only that she was told that the buyer would be "coming to town shortly." The State's rationale is that Ettleman speculated that she was being set up for a robbery because Frerichs, posing as Brainard, texted that an unnamed person had cash to buy pills. Even if it could reasonably be inferred that Ettleman believed she was being set up for a robbery, it requires further inferences to find that she went to a house to be robbed and knowingly and intentionally brought her child to the house to place him in the middle of a robbery.

[4,5] More to the point, the information in Frerichs' report makes clear that the State's fanciful scenario depicting an unknown person who intended to rob Ettleman was not the situation that actually existed in the house into which Ettleman brought her son and, as noted, the State makes no claim that Ettleman's child was endangered during the drive to Brainard's house. In reality, as noted, the situation in the house was that there were law enforcement officers conducting an investigation. Even if one could reasonably find that the State's robbery scenario was the situation that Ettleman believed was present in Brainard's house, such evidence would at best support a conviction for the lower-graded offense of attempted child abuse to which she did not plead. Under Neb. Rev. Stat. § 28-201(1) (Reissue 2016), one commits criminal attempt if he or she "[i]ntentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be," and § 28-201(4)(d) provides that criminal attempt is a Class IV felony when the crime attempted is a Class III or Class IIIA felony. In *State v. Jost*, 219 Neb. 162, 169, 361 N.W.2d 526, 531 (1985), this court reasoned that requiring a factual basis "[e]nsures that a defendant actually committed an offense at least as serious as the one to which he is willing to plead guilty."

The State appears to argue that a factual basis exists for either attempted felony child abuse based on circumstances Ettleman believed to be present or misdemeanor child abuse based on negligent action on Ettleman's part. But the charge

to which Ettleman pled was Class IIIA felony child abuse, a conviction which required that she knowingly and intentionally caused or permitted the child to be placed in a situation that endangered his life or physical or mental health. Nothing in the record indicates that such a situation actually existed in the house into which Ettleman brought the child, and because in reality there was no such evidence, a fortiori, there was no evidence that she knowingly and intentionally placed her child in such a situation.

As relevant to this appeal, § 28-707(1) prohibits knowingly, intentionally, or negligently causing or permitting a minor child to be placed in a situation that endangers his or her life or physical or mental health. It is certainly conceivable that one could knowingly, intentionally, or negligently endanger a child's physical or mental health by voluntarily taking the child along on a prearranged drug deal, if in fact that is the situation into which the child is being placed.

But, we agree with the Court of Appeals' conclusion that the record in this case did not provide a factual basis to support a plea to Class IIIA felony child abuse. In this case, we have a dubious factual basis and no statement from Ettleman that the factual basis is sufficient to support a conviction for the charge to which she is pleading. Our opinion today should not be read to preclude a defendant from being treated as having waived an objection to the sufficiency of the State's factual basis where the record of a plea colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object to its sufficiency upon inquiry by the court. We therefore conclude that the Court of Appeals did not err when it found that Ettleman's plea to felony child abuse was not supported by a factual basis.

*Proper Disposition.*

The State argues alternatively that in the event we conclude there was not a sufficient factual basis to support

Ettleman's plea to felony child abuse, the Court of Appeals erred in its disposition of this matter. The State specifically claims that the Court of Appeals erred when it "suggest[ed]" that Ettleman could not be subject to retrial on the felony child abuse charge. The State further argues that the Court of Appeals erred when it reversed only Ettleman's conviction for felony child abuse rather than disposing of the appeal in a manner that encompassed the entire plea agreement. We agree with the State that the disposition by the Court of Appeals was not comprehensive, and instead, we render a disposition as indicated below.

[6] We first address the State's argument that the Court of Appeals "suggest[ed]" Ettleman could not be retried on remand. We do not read the Court of Appeals' opinion as making such a suggestion. Instead, we note the Court of Appeals stated that "the State's ability to further prosecute Ettleman is a matter to be determined at the trial level before it can be considered on appeal." *State v. Ettleman*, A-17-782, 2018 WL 3902173 at *4 (Neb. App. Aug. 14, 2018) (selected for posting to court website). The Court of Appeals therefore properly left the question of the State's further action to be determined on remand. We note, however, that we know of no authority to the effect that either a trial court's erroneous acceptance of a plea or the determination by an appellate court that the factual basis was not sufficient acts as an acquittal or an event that implicates double jeopardy concerns. To the contrary, there is persuasive authority that "'[t]he Double Jeopardy Clause is not violated when a criminal defendant pleads guilty while reserving his right to appeal, prevails on appeal, and consequently must either re-plead, endure further pre-trial proceedings, or go to trial.'" *U.S. v. Rea*, 300 F.3d 952, 959 (8th Cir. 2002) (quoting *U.S. v. Martinez-Gaytan*, 213 F.3d 890 (5th Cir. 2000)). See *United States v. Scott*, 437 U.S. 82, 90-91, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978) (stating "venerable principle[]" of double jeopardy jurisprudence that "[the] successful appeal of a judgment of conviction, on any ground other than the

insufficiency of the evidence to support the verdict . . . poses no bar to further prosecution on the same charge"). See, also, *State v. Szpyrka*, 223 Ariz. 390, 224 P.3d 206 (Ariz. App. 2010) (stating in case where factual basis underlying plea agreement became erroneous, repleading or retrial not precluded by Double Jeopardy Clause). As discussed below, the case should proceed on remand as if the district court had properly rejected Ettleman's plea to felony child abuse for lack of a factual basis, and all pending charges remained viable.

We do not appear to have previously addressed how an appellate court should remedy the situation when it determines that a plea was not valid because it was not supported by a factual basis. As discussed above, we have stated that a sufficient factual basis is a requirement for finding that a plea was understandingly and voluntarily entered and hence valid. See *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). That is, if there was not a sufficient factual basis, the plea was not made understandingly and voluntarily and therefore the court should not have accepted the plea. It logically follows that, as the State suggests, a proper remedy on appeal would put Ettleman and the State back where they would have been if the court had properly refused the plea which lacked a sufficient factual basis. And, in this case, the State does not claim it relied on the plea to its detriment or that invalidation of the plea precludes it from obtaining a valid conviction.

[7] Putting the parties back where they would have been, as we have determined, appears to be the approach of other jurisdictions. For example, the Supreme Court of New Jersey in *State v. Campfield*, 213 N.J. 218, 232, 61 A.3d 1258, 1266 (2013), reasoned:

> The remedy for an inadequate factual basis is an order vacating the guilty plea and restoring both parties to their positions prior to the trial court's acceptance of the plea. [*State v. Barboza*, 115 N.J. 415, 558 A.2d 1303 (1989)]. If an appellate court determines that "a plea has been accepted without an adequate factual basis, the plea,

the judgment of conviction, and the sentence must be vacated, the dismissed charges reinstated, and defendant allowed to re-plead or to proceed to trial." [*Id*. at 420, 558 A.2d at 1305].

[8] In a similar vein, the Supreme Court of Iowa in *State v. Gines*, 844 N.W.2d 437 (Iowa 2014), held that where on remand it was possible to establish a factual basis to the charges to which the defendant had entered a plea, the State should be given the opportunity to establish a factual basis. But if the State could not establish a factual basis for the specific charges to which the defendant had earlier entered a plea, then the State would not have received the benefit of its plea bargain (which agreement may have contained other features such as dismissal of other charges or refraining from seeking enhancement). The *Gines* court reasoned that "if the State cannot establish the required factual basis . . . , we must put the State back in the position it was in before making the plea agreement," which included, inter alia, "reinstat[ing] any charges or sentencing enhancements dismissed from the [operative] information in contemplation of the plea agreement." 844 N.W.2d at 442. See, also, *U.S. v. Tunning*, 69 F.3d 107, 115 (6th Cir. 1995) (describing "'two remedy' rule" under which federal appellate court either remands to allow government to establish factual basis or vacates plea and remands for defendant to plead anew).

We determine that the appropriate remedy in this case is to reverse in part the Court of Appeals' decision with directions to vacate the plea and remand the matter to the district court for further proceedings. The district court should first determine whether the State can establish a proper factual basis for Ettleman's plea to Class IIIA felony child abuse, keeping in mind our analysis herein and the analysis of the Court of Appeals in its opinion, which led to the conclusion that the record as it stands did not provide a sufficient factual basis. If the State cannot establish a factual basis for the plea that was entered, then the court should put the State and Ettleman

back in the position they were in before the court accepted the plea agreement.

Our disposition differs from that of the Court of Appeals which limited its remedy to reversal of the felony child abuse conviction and vacation of the sentence imposed for both convictions. Contrary to the disposition of the Court of Appeals, we reverse the conviction for felony child abuse and give the State an opportunity to establish a proper factual basis therefor. Failing that, we conclude that in order to put the parties back in the position prior to acceptance of the invalid plea to felony child abuse, the remedy requires not only that the conviction for felony child abuse be reversed and the sentence for both convictions vacated but also that the conviction for attempted possession of a controlled substance be reversed. Because the plea agreement was negotiated as a whole, if one part of the plea agreement was not supported by a factual basis and should not have been accepted, then the entire integrated plea should not have been accepted. And, as noted earlier, in this case, the court imposed a single sentence of probation for both counts which further suggests that the pleas could reasonably be viewed as parts of one agreement.

Upon remand, if the State cannot establish a factual basis for felony child abuse, Ettleman's pleas to both counts should be vacated and the parties allowed to either negotiate a new plea agreement or proceed to trial on the charges in the operative information prior to the agreement that resulted in Ettleman's pleas. Allowing the parties to proceed in such manner permits reinstatement of the charges set forth in the operative information, including charges that were dismissed or downgraded as part of the plea agreement. See, *State v. Gines*, 844 N.W.2d 437 (Iowa 2014); *State v. Campfield*, 213 N.J. 218, 61 A.3d 1258 (2013).

## CONCLUSION

We affirm the Court of Appeals' decision to the extent it determined that the factual basis for felony child abuse

was not sufficient and reversed that conviction. However, we reverse the remainder of the decision of the Court of Appeals. We remand the matter to the Court of Appeals with directions to reverse both convictions, vacate the sentence, and remand the matter to the district court with instructions to afford the State the opportunity to provide a sufficient factual basis to support the validity of a plea to felony child abuse and, failing that, restore the parties to the position they were in before making the plea agreement, including reinstating the charges in the operative information.

Affirmed in part, and in part reversed
and remanded with directions.

Freudenberg, J., dissenting.

I respectfully dissent from the majority's conclusion that the district court abused its discretion when it found a sufficient factual basis existed to support the appellant's no contest plea to the offense of child abuse pursuant to Neb. Rev. Stat. § 28-707(1) (Reissue 2016). It is my opinion that the factual basis provided by the State prior to the appellant's voluntarily entering her no contest plea provided sufficient information to reasonably establish that the alleged crime had occurred. See § 28-707(1).

As stated in the majority opinion, the relevant portion of § 28-707(1) states: "A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be: (a) Placed in a situation that endangers his or her life or physical or mental health." The factual basis provided to the district court reasonably established that the appellant knowingly caused or permitted her 11-year-old son to be placed in a situation that endangered his mental health.

To fairly apply an abuse of discretion standard to the district court's ruling, a liberal reading of the provided factual basis should occur. See, generally, 1A Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 179 (3d ed. 2008 & Supp. 2019) (indicating that federal courts

have broad discretion in making factual basis decision). The information provided by the State and not timely contested by the appellant clearly shows that the appellant had, on several previous occasions, illegally distributed prescription narcotics to Tanya Brainard and was owed money by Brainard for those transactions. After incurring such debt, Brainard provided law enforcement information regarding the appellant's distribution activities. Law enforcement, posing as Brainard, then contacted the appellant. The appellant agreed to provide prescription narcotics to Brainard for a drug transaction on that same day involving an undisclosed third party. The appellant gathered the narcotics and her 11-year-old son and placed both in her vehicle for transport to Brainard's residence.

The fact that the appellant knowingly and intentionally placed her son in the vehicle to accompany her in the commission of a felony drug transaction is sufficient to establish she had "endanger[ed]" his mental health under § 28-707(1). Black's Law Dictionary defines "endangerment" as: "The act or an instance of putting someone or something in danger; exposure to peril or harm." Black's Law Dictionary 644 (10th ed. 2014). Under this definition and the standard set forth by Nebraska law, actual harm is not required to occur under an endangerment standard—merely the exposure to potential harm is sufficient. Under such standard, the district court clearly did not abuse its discretion by finding that a factual basis existed to support the entry of the appellant's no contest plea. For this reason, I dissent.

While I dissent in the majority's decision regarding the existence of a sufficient factual basis, I fully agree with the remainder of the majority opinion. I specifically address the procedural tactic utilized by the appellant in this matter.

The parties informed the district court that a plea agreement had been reached. As part of the plea hearing, the State provided a factual basis. When the district court inquired as to the appellant's opinion regarding the sufficiency of the factual basis, the appellant raised no challenge and her attorney

simply stated that he "[w]ould address those at sentencing . . . ." After this exchange, the appellant, with no further comment from her or her attorney, entered a no contest plea to the amended charges. If the appellant had concerns or issues with the sufficiency of the factual basis provided, she was not required to enter a no contest plea to felony child abuse at that time. She had a right to a trial and to fully contest the charge.

The approach taken by the appellant should be disfavored by this court, and such approach has been addressed in the majority opinion. It is clear that the record from the plea hearing does not contain a statement from the appellant affirming the sufficiency of the factual basis provided by the State. The absence of such acknowledgment has allowed the appellant to raise this subsequent challenge. However, as suggested by the majority, an expansion of the trial court's plea colloquy to include an inquiry regarding the sufficiency of the factual basis would directly address such issue. An affirmative response from a criminal defendant would, in most circumstances, act as a waiver of a later sufficiency challenge. Any response short of an affirmative response places the trial court on notice that further inquiry is warranted and, depending on the results, may ultimately require the trial court to reject the proffered plea. I believe such clarification will adequately address future attempts of gamesmanship similar to that utilized during the appellant's plea hearing.