IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LOURY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DONALD L. LOURY III, APPELLANT.

Filed May 14, 2024.    Nos. A-23-904 through A-23-907.

Appeals from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, and Brittani E. Lewit for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Donald L. Loury III appeals his plea-based convictions and sentences, entered in the district court for Lancaster County, for two counts of violation of a protection order, third degree domestic assault, child abuse, and stalking. Loury asserts that there was an insufficient factual basis to support his conviction for stalking and that his sentences were excessive. Finding no abuse of discretion by the district court, we affirm.

## STATEMENT OF FACTS

This case involves a consolidated appeal regarding Loury's convictions in four separate criminal cases, case Nos. A-23-904 through A-23-907.

Loury was charged by four complaints in the Lancaster County Court. The first, case No. A-23-904, charged Loury with one count of violation of a protection order (prior offense), a Class IV felony in violation of Neb. Rev. Stat. § 42-924(4) (Cum. Supp. 2022). The second, case No.

- 1 -

A-23-905, also charged Loury with one count of violation of a protection order (prior offense). The third, case No. A-23-906, charged Loury with one count of third degree domestic assault (prior offense), a Class IIIA felony in violation of Neb. Rev. Stat. § 28-323(4) (Reissue 2016); and one count violation of a protection order (prior offense). The fourth, case No. A-23-907, charged Loury with one count of stalking, a Class IIIA felony in violation of Neb. Rev. Stat. § 28-311.03 (Reissue 2016); and two counts of violation of a protection order (prior offense).

The cases were subsequently bound over to district court where Loury was charged with informations identical to the complaints in case Nos. A-23-904 and A-23-905. On the same day, Loury was charged by information in case No. A-23-906 with one count of third degree domestic assault (prior offense); one count violation of a protection order (prior offense); as well as three additional counts of violation of a protection order (prior offense) and one count of child abuse, a Class I misdemeanor in violation of Neb. Rev. Stat. § 28-707(1) (Cum. Supp. 2022). Loury was later charged by information in case No. A-23-907 with one count of stalking; and two counts of violation of a protection order (prior offense); as well as two additional counts of violation of a protection order (prior offense).

At a hearing held on September 23, 2023, the district court was informed that a plea agreement had been reached. The State noted that Loury had agreed to plead to one count of violation of a protection order (prior offense) in both case Nos. A-23-904 and A-23-905; one count of third degree domestic assault (prior offense) and one count of child abuse in case No. A-23-906; and one count of stalking in case No. A-23-907. In exchange, the State agreed to dismiss the remaining charges and that additional violations of the protection order regarding the same victim would not be filed. Loury's trial counsel confirmed the details of the plea agreement and Loury indicated that he wanted to proceed with the agreement. Loury later pled guilty to the five charges.

The factual basis given by the State in case No. A-23-904 established that in May 2022, Loury had been served with a protection order restricting him from having contact with Elizabeth Roberts at a particular address. That same day, officers were dispatched to the address after Roberts reported that Loury had recently been there. As to case No. A-23-905, the State established that Loury had been served with another protection order restricting him from having contact with Sharonnan Loury. Sharonnan reported receiving a phone call from Loury in February 2023, while he was in jail and the protection order was in place.

The factual basis given by the State in case No. A-23-906 established that in December 2021, officers were dispatched to a home where Roberts reported that Loury had assaulted her by punching her in the face and kicking her in the abdomen and had taken their toddler son. Officers made contact with Loury, who was on the back porch of the home, holding the child. The temperature outside was 9 degrees with windchill. Officers noted that the child was not wearing a shirt and was only partially covered with a blanket. Loury refused to return the child to Roberts until officers physically intervened.

The factual basis given by the State in case No. A-23-907 established that Loury had been served with a protection order on May 18, 2022, restricting Loury from contacting Roberts. Between June 8 and June 12, 2023, Loury called Roberts 23 times, video called her five times, and sent her 77 text messages.

After the State's recitation of the various factual bases, the following exchange occurred:

The Court: All right. Mr. Loury, have you heard what the State believes their evidence would be in each of these cases?

Loury: Yes, ma'am.

The Court: Do you still wish to enter pleas of guilty to the [five] charges in [four criminal cases]?

Loury: Yes, ma'am.

The Court: [Loury's counsel], do you believe that these pleas of guilty are consistent with the law and the facts in these cases?

Counsel: I do, Your Honor.

The Court: Do you believe that Mr. Loury is making his pleas freely, voluntarily, knowingly, and intelligently?

Counsel: I believe he is.

The Court: Are you aware of any reason at all why I should not accept his pleas?

Counsel: I am not.

The district court found, "on the evidence presented," that Loury understood the charges and possible penalties, that he understood his trial rights, and that he knowingly, intelligently, and voluntarily waived each of those rights. The court accepted Loury's pleas and found him guilty.

A sentencing hearing was held on November 2, 2023. The district court sentenced Loury to a term of 2 years' imprisonment on one count of violation of a protection order (prior offense) in case No. A-23-904; and a term of 2 years' imprisonment on one count of violation of a protection order (prior offense) in case No. A-23-905, to run consecutively with Loury's other sentences. In case No. A-23-906, Loury was sentenced to a term of 3 years' imprisonment, to be followed by 9 months' post-release supervision, on one count of third degree domestic assault (prior offense); and a term of 1 year's imprisonment on one count of child abuse, to be served concurrently with one another and consecutively with Loury's other sentences. In case No. A-23-907, Loury was sentenced to a term of 3 years' imprisonment, to be followed by 9 months' post-release supervision, on one count of stalking, to run consecutively with Loury's other sentences. Loury was given 96 days credit for time served in case No. A-23-906, and 108 days credit in case No. A-23-907.

Loury appeals and his motion to consolidate his four cases was granted by this court.

ASSIGNMENTS OF ERROR

Loury assigns, reordered, that the district court erred by (1) accepting Loury's plea for stalking when the evidence adduced at the plea hearing was insufficient to establish the necessary factual basis; and (2) abusing its discretion and imposing excessive sentences.

STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

ANALYSIS

*Stalking Factual Basis.*

Loury argues that the district court abused its discretion in accepting his plea for one count of stalking in case No. A-23-907 because the factual basis for the charged offense was insufficient. Specifically, he challenges the element of intent required under Neb. Rev. Stat. § 28-311.03, as the State's factual basis did not offer any indication of Loury's intent during the incident. Loury concedes that the State's evidence may have been sufficient to establish harassment, but without evidence regarding the element of intent, Loury contends that the State failed to offer sufficient evidence to prove each element of stalking and that the district court erred in finding Loury guilty of the offense.

We need not reach the merits of Loury's claim, however, because the record establishes that Loury waived any objection to the State's factual basis. Because he did so, we reject his claim that the court erred in accepting his plea.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). Exceptions include the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *Id*. A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019); *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016).

In *State v. Wilkinson, supra*, the Nebraska Supreme Court held that the defendant did not waive his challenge to the factual basis by entering a plea of no contest when defense counsel stated any comments as to the factual basis would be addressed at sentencing. However, in *State v. Ettleman, supra*, the Supreme Court explained that depending upon the colloquy at a plea hearing, a defendant could be held to have waived an objection to the sufficiency of a factual basis. This court applied that principle in *State v. Fox*, 31 Neb. App. 602, 986 N.W.2d 92 (2023), when we held that a defendant had waived any objection to the factual basis presented by the State because trial counsel was specifically asked if the defendant was not objecting to the factual basis in order to take advantage of the plea agreement, and counsel responded in the affirmative.

We similarly find that here, neither Loury nor his counsel objected to the four factual bases provided by the State. The district court asked Loury if he had heard what the State's evidence would be in each of his cases and whether he still wished to enter his guilty pleas, to which he responded in the affirmative. Loury's counsel was asked whether Loury's pleas were "consistent with the law and the facts in these cases," to which counsel likewise affirmed. Therefore, pursuant to *Ettleman*, Loury waived any objection to the factual bases presented by the State.

*Excessive Sentences.*

Loury assigns that his sentences were excessive and amount to an abuse of discretion by the district court. Loury argues that the district court failed to appropriately balance the relevant statutory factors and did not consider various mitigating circumstances, including Loury's traumatic childhood and mental health issues.

Loury's sentences are within the relevant statutory limits. Loury was convicted of violation of a protection order (prior offense), a Class IV felony, in both case Nos. A-23-904 and A-23-905. A Class IV felony is punishable by a maximum of 2 years' imprisonment and 12 months' post-release supervision, a fine of $10,000, or both. See Neb. Rev. Stat. § 28-105 (Cum Supp. 2022). Loury was also convicted of third degree third degree domestic assault (prior offense) in case No. A-23-906 and stalking in case No. A-23-907, both Class IIIA felonies. A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a fine of $10,000, or both. See § 28-105. Finally, Loury was convicted of child abuse in case No. A-23-906, a Class I misdemeanor. A Class I misdemeanor is punishable by a maximum of 1 year's imprisonment, a fine of $1,000, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016).

There is no evidence that the district court failed to consider the well-established factors and applicable legal principles in its sentencing decision. As noted by the Nebraska Supreme Court, these factors and principles have been repeated so often as to not require citation. See *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023).

However, for the sake of completeness we note that the 700-page presentence investigation report prepared in this case indicates that Loury was 46 at the time of sentencing and had acquired his GED. His lengthy criminal history from 1991 to 2020 includes assault (twice); resisting arrest; theft by unlawful taking (three times); theft by receiving stolen property (twice); disturbing the peace (four times); violation of a protection order (four times); possession of firearms by a prohibited person; criminal trespass; second degree false imprisonment; third degree domestic assault (four times); phone call to intimidate/harass/offend; and attempted tampering with a witness or informant. Loury also has several convictions of traffic-related offenses, drug possession offenses, failure to appear, and failure to comply with order of police officer.

Loury reported becoming a ward of the State at the age of 12 and experiencing traumatic events early in his childhood, including being sexually abused by his babysitter and witnessing his mother being physically abused by his father. Loury admitted to daily use of methamphetamine and heroin and stated that he was under the influence at the time of the present offenses. Loury reported being diagnosed with chronic schizophrenia, chronic post-traumatic stress disorder, and chronic social disorder. He was presently taking prescription medication for his mental health but noted that the medication was not helpful and that he instead managed his schizophrenia through his substance use. Loury reported being hospitalized approximately 10-15 times throughout his life due to his schizophrenia and attempting suicide by overdosing approximately 15-20 times throughout his life. The presentence investigation report noted Loury's history of anger management issues and stated that during the interview, Loury would "get extremely agitated when answering questions regarding the present offenses and his family/marital history. During those times, [Loury] would raise his voice almost to the point of yelling."

At the sentencing hearing, the district court stated that it had reviewed the entirety of the presentence investigation report and had considered all statutory factors in determining the appropriate sentence. Additionally, the court explicitly stated to Loury that it understood Loury "suffer[s] from mental health difficulties, but regardless of any of those things, you still have the ability to follow the law." The court noted that it was taking the safety of the community into account and that lesser sentences would depreciate the seriousness of the crimes and promote disrespect for the law.

We find no abuse of discretion in the sentences imposed. See *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

## CONCLUSION

Loury waived any objection to the factual basis for his plea to stalking when both he and his counsel advised the district court that Loury wished to enter his guilty pleas after hearing the State's evidence. Further, the district court did not abuse its discretion in the sentences imposed. Loury's convictions and sentences are affirmed.

AFFIRMED.