Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/21/2023 08:04 AM CST

**State of Nebraska, appellee,
v. Jesse R. Fox, appellant.**
___ N.W.2d ___

Filed February 14, 2023.    No. A-22-640.

1. **Pleas: Appeal and Error.** A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion.
2. **Sentences: Appeal and Error.** A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.
3. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.
4. **Pleas: Waiver: Indictments and Informations: Effectiveness of Counsel: Jurisdiction.** The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. Exceptions include the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction.
5. **Pleas: Waiver.** Depending upon the colloquy at a plea hearing, a defendant could be held to have waived an objection to the sufficiency of a factual basis.

Appeal from the District Court for Furnas County: Patrick M. Heng, Judge. Affirmed.

Justin M. Daake, Furnas County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Teryn Blessin for appellee.

Moore, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Jesse R. Fox appeals his plea-based conviction and sentence entered in the district court for Furnas County finding Fox guilty of first degree sexual assault. He asserts that there was an insufficient factual basis to support his plea and that his sentence was excessive. Finding no abuse of discretion by the district court, we affirm.

## BACKGROUND

Fox was initially charged with one count of first degree sexual assault of a child, one count of first degree sexual assault, and one count of third degree sexual assault of a child. Pursuant to a plea agreement with the State, Fox pled no contest to an amended information charging him with one count of first degree sexual assault. Specifically, the amended information asserted that during

a period of time from October 24, 2019, thru January 1, 2022, [Fox did] subject another person to sexual penetration without the consent of the victim, who knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of her conduct; victim identified by the identifying information A.D. born in 2003; in violation of Neb. Rev. Stat. §28-319 [Reissue 2016], a Class II Felony.

At the plea hearing, the State provided the following factual basis:

The State's evidence shows that on January 11, 2022, Sergeant Huntley of the Furnas County Sheriff's Office interviewed a young lady who was 18 at that time, senior at [a local] High School, this being [A.D.] This was . . . Fox's stepdaughter.

During the interview, she indicated that during — during the summer of 2019, when she would have been

15 years old, she indicated that . . . Fox, her stepfather, had sexually penetrated her on more than one occasion.

Her date of birth is December . . . 2003. She's — she gave specific dates of — well, the first time being around August 7 of 2019. Actually, it was earlier than that, July of 2019.

Regardless, she was 15. She turned 16 in [December] 2019, so she would have been 15 at that time. This all occurred in Furnas County, Nebraska.

Your Honor, I think that's sufficient for the factual basis. You get to read all the details in the PSI.

The court asked Fox's counsel, "[I]s your client not objecting to the factual basis in order to take advantage of this plea agreement?" Counsel responded, "That's correct, Your Honor, no objection." The court then asked Fox whether he agreed, to which he responded, "Yes, Your Honor." The court accepted the plea and ordered a presentence investigation report (PSR).

At a subsequent sentencing hearing, Fox's counsel requested a term of probation. The court denied the request and sentenced Fox to 25 to 30 years' imprisonment. Fox appeals.

## ASSIGNMENTS OF ERROR

Fox assigns that the district court abused its discretion (1) by accepting Fox's plea because there was not a sufficient factual basis to support the plea and (2) by denying Fox's application for probation and issuing an excessive sentence.

## STANDARD OF REVIEW

[1] A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

[2] A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

[3] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

## ANALYSIS

*Factual Basis.*

Fox argues that the district court abused its discretion in accepting his plea because the factual basis for the charged crime was insufficient. Specifically, he contends that the time element is insufficient because the amended information set forth a time period of October 24, 2019, to January 1, 2022, but the State's factual basis identified a time period consisting of "the summer of 2019." He also challenges the element of consent required under Neb. Rev. Stat. § 28-319(1)(a) (Reissue 2016), because the factual basis made no reference to consent. And although the State referenced A.D.'s age, it did not provide Fox's age, nor did the amended information "allege a statutory rape" under § 28-319(1)(c). Brief for appellant at 12. Finally, he claims the State failed to provide a factual basis under § 28-319(1)(b) because that subsection does not create a statutory presumption that a victim is incapable of consent based solely on age.

We need not reach the merits of Fox's claim, however, because the record establishes that Fox waived any objection to the State's factual basis. Because he did so, we reject his claim that the court erred in accepting his plea.

[4] The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). Exceptions include the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *Id*. A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d

538 (2019); *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016).

[5] In *State v. Wilkinson, supra*, the Nebraska Supreme Court held that the defendant there did not waive his challenge to the factual basis by entering a plea of no contest when defense counsel stated any comments as to the factual basis would be addressed at sentencing. However, in *State v. Ettleman, supra*, the Supreme Court explained that depending upon the colloquy at a plea hearing, a defendant could be held to have waived an objection to the sufficiency of a factual basis. The court stated:

> Our opinion today should not be read to preclude a defendant from being treated as having waived an objection to the sufficiency of the State's factual basis where the record of a plea colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object to its sufficiency upon inquiry by the court.

*Id.* at 594, 930 N.W.2d at 547.

We find that to be the situation here. Fox's counsel was specifically asked if Fox was not objecting to the factual basis in order to take advantage of the plea agreement, and he responded in the affirmative. Fox responded similarly when asked whether he agreed with counsel's statement. Therefore, pursuant to *Wilkinson*, Fox waived any objection to the factual basis presented by the State.

*Excessive Sentence.*

Fox assigns that his sentence was excessive and that the court abused its discretion in failing to order probation rather than a term of incarceration. We find no abuse of discretion in the district court's sentence.

Fox was convicted of first degree sexual assault, a Class II felony. See § 28-319. A Class II felony is punishable by imprisonment for 1 to 50 years, but with no mandatory

minimum. Neb. Rev. Stat. § 28-105 (Cum Supp. 2022). When no mandatory minimum is required, a court may impose probation under Neb. Rev. Stat. § 29-2260(2) (Reissue 2016). However, probation may be withheld when the risk is substantial that during the period of probation the offender will reoffend, the offender is in need of correctional treatment that can most effectively be provided in a correctional facility, or if a lesser sentence would depreciate the seriousness of the offender's crime or promote disrespect for the law. *Id.*

Prior to imposing its sentence, the district court advised Fox that it had considered the nature and circumstances of the crime, as well as the history, the character, and the condition of Fox. Having done so, it stated that imprisonment was necessary. The court commented on the contents of the PSR, which revealed there was a younger child involved that Fox was potentially grooming in anticipation of the victim's graduating from high school, and that was a concern.

The PSR also revealed that Fox engaged in inappropriate behavior with A.D. multiple times a week, culminating in intercourse, over a period of more than 2 years. The court noted that Fox was in his early thirties when this behavior started and that he had been a stepfather to A.D. for a number of years, putting himself in a position of trust. The PSR indicates that Fox scored in the medium/low risk category on the "LS/CMI" assessment. He was 35 years of age at the time of sentencing and had been employed full time prior to his incarceration. He had been married to the victim's mother for approximately 9 years.

The district court indicated that it took into account all of the above in determining that a sentence of incarceration was warranted. However, taking into account Fox's lack of criminal history, age, and having obtained a "GED," it determined a sentence on the high end of the sentencing scale was inappropriate. Thus, it imposed a sentence of 25 to 30 years' imprisonment.

Accordingly, we find that the district court properly considered all relevant factors and that Fox's sentence was not an abuse of discretion. We reject this assignment of error.

## CONCLUSION

Fox waived any objection to the factual basis for his plea when both he and his attorney advised the court that they were not objecting to it in order to take advantage of the plea agreement. Further, the district court did not abuse its discretion when it sentenced Fox to 25 to 30 years' imprisonment. We affirm Fox's conviction and sentence.

Affirmed.