IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HERNANDEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASON A. HERNANDEZ, APPELLANT.

Filed August 6, 2024.    No. A-23-993.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Robert Wm. Chapin, Jr., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Jason A. Hernandez appeals from his conviction for possession of a firearm by a prohibited person; Hernandez pled no contest to the charge. The Lancaster County District Court sentenced Hernandez to 15 to 20 years' imprisonment, which included a 3-year mandatory minimum. Hernandez claims that at the time of his plea, the district court erroneously relied upon hearsay evidence in the factual basis related to a prior conviction, and that his trial counsel was ineffective for failing to object to that hearsay. We affirm.

## BACKGROUND

While at a house party in Lincoln, Nebraska, on the evening of September 20, 2022, Hernandez, age 19 at the time, shot Camarion Almond in the chest. Almond sought help from a police officer patrolling the neighborhood and was subsequently transported to a hospital for treatment. A silver and black 9-mm Glock handgun was located in the area of the shooting; one

- 1 -

spent shell casing was found in the kitchen of the residence where the party took place. DNA swabs from the grip of the gun revealed Hernandez as a major contributor. Witnesses observed Hernandez with a silver and black handgun that evening. It was reported that he had the handgun out while at the party, waved it around, and pointed it at all of the males at the party, but predominantly pointed it at Almond. Almond and another witness identified Hernandez as the person who fired the gun. Also, images on Almond's phone from the same day as the incident showed Hernandez holding a silver and black Glock 9-mm firearm, with a location and time consistent with the shooting.

An amended information filed on July 28, 2023, charged Hernandez with count I, second degree assault, pursuant to Neb. Rev. Stat. § 28-309 (Reissue 2016), a Class IIA felony; and count II, possession of a firearm by a prohibited person, pursuant to Neb. Rev. Stat. § 28-1206(1) and (3)(b) (Cum. Supp. 2022), a Class ID felony. The second count identified a prior felony conviction in the Lancaster County District Court, case No. CR 21-632.

A plea hearing took place by videoconference on September 18, 2023. Trial counsel and Hernandez indicated on the record their agreement to holding the hearing by videoconference and Hernandez affirmed he was waiving his right to be present in the courtroom. Trial counsel informed the district court that a plea agreement had been reached and that Hernandez would be pleading to count II (possession of a firearm by a prohibited person) in exchange for the State dismissing count I (assault charge). Further, trial counsel indicated that the State agreed it would not prosecute Hernandez "for some events that were disclosed to the defense, via . . . some discovery . . . reviewed at the police station on September 6 of this year." The State confirmed the plea agreement, indicating it was going to provide an "LPD case number" because it was agreeing "not to pursue criminal charges against . . . Hernandez in that specific investigation." After confirming that Hernandez was withdrawing his not guilty plea to count II freely and voluntarily, the court directed the State to rearraign Hernandez as to that count, which it did as follows.

Mr. Hernandez, there has been an Amended Information filed in the District Court of Lancaster County, Nebraska.

Count II of that Amended Information charges you with the offense of Possession of a Firearm by a Prohibited Person.

It alleges that on or about September 20, 2022, in Lancaster County, Nebraska, you did possess a firearm and have been previously convicted of a felony, to wit: Lancaster County District Court Case ID CR21-682.

This is a Class I(D) Felony, carries a possible penalty of not less than three years, nor more than 50 years, imprisonment.

I will tell you that the three years on the bottom is a mandatory minimum three years. Do you understand all of that?

Hernandez replied affirmatively and pled no contest.

Before accepting Hernandez' plea, the district court advised him of his constitutional rights, including his right to a jury trial; the presumption of innocence; the right to confront his accusers and present his own defense and witnesses; the right against self-incrimination; the right to have a separate hearing to determine if any statement, admission, or confession made by him was given freely, voluntarily, knowingly, and intelligently; and the right to a separate hearing to determine whether any evidence was not lawfully taken from him. The court further informed

Hernandez of the consequences of being convicted of a felony offense, including limitations on the right to vote, to carry firearms or other types of weapons, and the possibility of harsher penalties under habitual criminal statutes if convicted of another felony in the future. The court reminded Hernandez that if his plea was accepted, he would be found guilty of a Class ID felony, which carries a possible penalty of a mandatory 3 years' imprisonment up to 50 years' imprisonment, and that probation could not be granted in this case. Hernandez confirmed his understanding. The court also informed Hernandez that if at any point he needed or wanted to talk with his trial counsel, he could be placed in a "virtual room" where no one could see or hear them. The court further confirmed with Hernandez that no one connected with law enforcement or anyone else had made any threat or inducement or promise to get him to give up the rights explained; that Hernandez understood his rights, had discussed these rights with trial counsel and did not need more time to talk with trial counsel about his rights. The court accepted Hernandez' waiver of his rights.

The district court next asked Hernandez if he understood that he was charged with possession of a firearm by a prohibited person, a Class ID felony. Hernandez confirmed his understanding. He also confirmed that he told his trial counsel everything he knew about the case and was not aware of anything that could be helpful that he had not discussed with trial counsel. The State confirmed the plea agreement, including not pursuing criminal charges in a specific case number for a Lincoln Police Department investigation.

The district court confirmed that Hernandez understood what the State would have to prove beyond a reasonable doubt in order to convict him of the charge in count II. The State proceeded to provide the factual basis. As relevant in this appeal, it stated:

> Finally, the State is in possession of evidence that shows that [Hernandez] is a convicted felon. He was a convicted felon at the time of this shooting.
>
> He was convicted on the charge of Unlawful Possession of a Firearm by a Prohibited Juvenile Offender, first offense. That is in Lancaster County District Court Case No. CR21-682.

The following colloquy was then had on the record.

> THE COURT: Mr. Hernandez, have you heard what the State believes their evidence would be if this matter went to trial?
>
> [Hernandez]: Yes.
>
> THE COURT: Do you still wish to enter a plea of no contest to the charge in Count II in the Amended Information?
>
> [Hernandez]: Yes.
>
> THE COURT: [Trial counsel], do you believe that this plea of no contest is consistent with the law and the facts of this case?
>
> [Trial Counsel]: I do.
>
> . . . .
>
> THE COURT: Are you aware of any reason at all why I should not accept his plea?
>
> [Trial Counsel]: I am not.

The court found there was a sufficient factual basis to accept the plea, found Hernandez guilty beyond a reasonable doubt as charged, and ordered a presentence investigation.

A sentencing hearing took place on November 9, 2023. The district court asked Hernandez and his trial counsel whether there were any additions, corrections, or deletions that needed to be made to the presentence report. Neither Hernandez nor his trial counsel requested any changes. Trial counsel told the court that "this was an accident," and but for "[a] few twists in fate, . . . one of his best friends could have been dead, so he takes that very seriously, now." Trial counsel acknowledged that Hernandez had previously been told "not to touch a gun" but "he went ahead and did it." However, trial counsel claimed Hernandez now knows that it is "time to stop playing with guns, and not even be near one." The State pointed out that Hernandez was not supposed to have a gun because of his prior conviction as a juvenile offender. The State characterized the incident as "reckless," but that Hernandez "should never have had a gun, regardless of whether he was drinking or not," and if "he had followed the law, this would not have happened."

The district court indicated it had reviewed the presentence report, and observed that at the time of this incident, Hernandez was "on an order of post-release supervision." The conditions under that order required that Hernandez not engage in unlawful or disorderly conduct, not be in possession or consume alcohol or controlled substances, and not possess any firearms or other illegal weapons. The court pointed out that Hernandez had been to prison already for having a gun. "You get out of prison, you have a gun. You're at a party, drunk, with a gun, flashing it around." "You pulled the trigger on that gun, shot one person, and grazed another, and then ran." The court observed that "it is a rarity for 20-year-old people to have not just one felony on their record, but two, and that they both involve guns." The court sentenced Hernandez to 15 to 20 years' imprisonment, with 3 years being a mandatory minimum as required by law. He was given 405 days' credit for time served.

## ASSIGNMENTS OF ERROR

Hernandez assigns, reordered, that the district court erred by (1) allowing hearsay evidence "to determine a factual basis to find [him] guilty beyond a reasonable doubt" and (2) "finding sufficient evidence to form a factual basis as said finding is solely based on hearsay." He also claims that trial counsel was ineffective by "not objecting to the hearsay used by the [State] to show a factual basis."

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

## ANALYSIS

### HEARSAY IN FACTUAL BASIS

Two of Hernandez' assigned errors relate to the State's factual basis containing a "hearsay statement that [Hernandez] had a prior felony conviction." Brief for appellant at 12. In the course of providing a factual basis at Hernandez' plea hearing, the State recited the following:

> Finally, the State is in possession of evidence that shows that [Hernandez] is a convicted felon. He was a convicted felon at the time of this shooting.
>
> He was convicted on the charge of Unlawful Possession of a Firearm by a Prohibited Juvenile Offender, first offense. That is in Lancaster County District Court Case No. CR21-682.

Hernandez contends that although no objections were made by trial counsel at the time the State recited the factual basis, the district court nevertheless "had a duty to evaluate that evidence to determine whether it should have been allowed." Brief for appellant at 12. He also argues that the trial court erred by finding sufficient evidence to support the factual basis because the "statements showing the offense of possessing a firearm by a prohibited person was committed rely on the statement that [Hernandez] had been found guilty of either a felony or offense which prohibited him from carrying a firearm but no collaborating evidence was produced to support said claim." *Id*. at 11. He contends that the "hearsay testimony should not have been admitted" and the court erred in "both allowing it and then using it to find [Hernandez] guilty beyond a reasonable doubt." *Id*. at 12.

This court has previously determined that the Nebraska Rules of Evidence do not apply to a trial court's inquiry into the factual basis for a plea. See *State v. Parson*, No. A-15-306, 2015 WL 7272173 (Neb. App. Nov. 17, 2015) (selected for posting to court website). Regardless, the State argues that Hernandez waived any objection to the factual basis presented by the State. We agree.

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Ettleman, supra*. A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id*. A sufficient factual basis requires that the State present sufficient facts to support the elements of the crime charged. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). The factual basis may be determined from inquiry of the defendant, inquiry of the county attorney, or examination of the presentence report. *State v. Sare*, 209 Neb. 91, 306 N.W.2d 164 (1981). See, also, *State v. Richter*, 220 Neb. 551, 371 N.W.2d 125 (1985) (statement of deputy county attorney and reports contained in presentence investigation established factual basis for charges). Also, a defendant can be treated as "having waived an objection to the sufficiency of the State's factual basis where the record of a plea colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object to its sufficiency upon inquiry by the court." *State v. Ettleman*, 303 Neb. at 594, 930 N.W.2d at 547.

This court has previously concluded that a defendant waived his objection to the sufficiency of a factual basis when the trial court asked if the defendant was not objecting to the

factual basis and both the defendant and his trial counsel responded affirmatively. See *State v. Fox*, 31 Neb. App. 602, 986 N.W.2d 92 (2023).

In the present case, on September 18, 2023, after Hernandez withdrew his not guilty plea to count II, he was rearraigned on that count during which the State pointed out that count II of the amended information charged him with possession of a firearm by a prohibited person; that he possessed a firearm on September 20, 2022; and that he had previously been convicted of a felony in Lancaster County District Court, case No. CR 21-682. Hernandez then pled no contest to count II of the amended information. After being thoroughly advised of his constitutional rights by the district court and waiving those rights, Hernandez was told by the court that the State was going to say what the facts would be if the case went to trial and that the court wanted Hernandez to listen to those facts. Hernandez responded, "All right. Yeah." The State then set forth the factual basis, including the reference to Hernandez' prior felony conviction in Lancaster County District Court, case No. CR 21-682. Neither Hernandez nor his trial counsel objected to the factual basis provided by the State. The district court asked Hernandez if he heard what the State's evidence would be if the case went to trial. Hernandez personally responded, "Yes." When asked if he still wished to enter a plea of no contest to the charge in Count II in the amended information, Hernandez again personally replied, "Yes." Further, when trial counsel was asked if he believed the plea of no contest was consistent with the law and the facts of the case, trial counsel responded, "I do."

The State represented in the factual basis that it was in possession of evidence that Hernandez was a convicted felon at the time of "this shooting," and that the prior conviction was for unlawful possession of a firearm by a prohibited juvenile offender, found at Lancaster County District Court, case No. CR 21-682. The plea colloquy demonstrates that the district court specifically asked Hernandez about the factual basis provided by the State, and he failed to object to its sufficiency upon inquiry by the court. Hernandez thus waived any objection, hearsay or otherwise, to the sufficiency of the State's factual basis. See *State v. Ettleman, supra*.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen, supra*.

To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability

that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*.

Hernandez' appellate counsel is different from his trial counsel. He assigns as error that his trial counsel was ineffective by failing to object to the factual basis "as the record did [not] collaborate the prior conviction of [Hernandez] which would make him a prohibited person to have a firearm." Brief for appellant at 11. He contends that "[t]his matter would be different if the [State] . . . had introduced a certified copy of the prior conviction." *Id*. at 10.

Even if Hernandez' trial counsel was somehow deficient for not objecting to the State's representation that it was in possession of evidence showing that Hernandez was a convicted felon at the time of the shooting rather than actually producing a copy of that prior conviction, Hernandez cannot establish prejudice. The record demonstrates that Hernandez was aware at the time of his rearraignment on count II and at the time of his plea that the allegation in count II identified and was based upon his prior conviction in Lancaster County District Court, case No. CR 21-682. Therefore, even though the State represented it was in possession of evidence of that prior conviction rather than producing documentation of the same, Hernandez nevertheless proceeded to enter his plea. There is no reasonable probability that but for trial counsel's failure to object to the factual basis that Hernandez would have insisted on going to trial. Further, any objection to the State's factual basis related to the prior conviction would easily have been overcome by the production of the evidence of that conviction that the State represented it had in its possession. Hernandez' claim of ineffective assistance of trial counsel fails.

## CONCLUSION

For the foregoing reasons, we affirm Hernandez' conviction.

AFFIRMED.