IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. ZELLERS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TREVOR S. ZELLERS, APPELLANT.

Filed December 17, 2024.    No. A-24-308.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

### INTRODUCTION

Trevor S. Zellers appeals from his plea-based convictions in the district court for Lancaster County for attempted first degree assault and third degree assault. He was sentenced to respective terms of imprisonment of 6 to 10 years and 1 to 1 year, to be served consecutively. Zellers assigns as error on appeal that there was an insufficient factual basis to support his plea on the attempted first degree assault charge, that the sentence imposed was excessive, and that he received ineffective assistance of trial counsel. Finding no error, we affirm.

### STATEMENT OF FACTS

Zellers was originally charged by information on May 31, 2023, with first degree assault, a Class II felony; and third degree assault, a Class I misdemeanor. The charges arose out of an incident that occurred on March 2, 2023. An amended information was filed on January 16, 2024,

which reduced the first charge to attempted first degree assault, a Class IIA felony. The third degree assault charge remained the same.

A plea hearing was held on January 16, 2024. The district court advised Zellers of the amended charges, potential penalties, and the rights he would be giving up upon the entry of his pleas. After a thorough examination, the court found that Zellers was freely, voluntarily, knowingly, and intelligently waiving his rights and that he understood the consequences of his waiver. The court received the following factual basis from the State:

On March 2, 2023, officers were dispatched to 1648 South Street, Phillips 66, regarding an assault.

Upon arrival, Janna Brave, employee at Phillips 66, reported that she was assaulted by a white male, later described as being in his 40s, about 5'5", wearing a gray shirt, gray pants, and glasses, with a scar on the right side of his face by his mouth.

She said the suspect came into the store and was playing the slot machines. She said he got upset and began hitting the machine, so she told him to stop, or he needed to leave.

He began insulting her as he was walking out the door. She said when she followed the suspect out the door[,] he punched her two times in the face and grabbed her shirt.

While this was occurring, Alyson Ahrens, an employee at [the] Subway attached to the gas station, followed them outside. Alyson said she saw the suspect grab Janna and punch her in the face what she believed to be three times.

She said she grabbed ahold of the suspect by the back of the shirt to pull him away from Ms. Brave. When she did this, . . . the suspect tried to spin toward her which caused them to fall to the ground.

Ms. Brave said it hurt when she was punched. She was observed to have red marks on her face and scratches on her neck.

Ms. Ahrens was observed to have an abrasion on her left knee and the palm of her right hand from where – from when she fell.

The defendant was later identified as the party responsible for this incident after a photo lineup was shown to Ms. Brave containing the defendant's photograph.

During a follow up interview with Ms. Ahrens, she said that she had surgery on her left knee due to the injury she sustained from the incident. She stated she had a broken femur which required three screws and two plates.

All events occurring in Lancaster County, Nebraska.

Zellers entered a plea of no contest to the attempted first degree assault regarding the injury to Ahrens and a plea of guilty to the third degree assault regarding the injury to Brave. The court found that the pleas were entered freely, voluntarily, knowingly, and intelligently and that there was a sufficient factual basis to support the charges. The court found Zellers guilty beyond a reasonable doubt of the two charges in the amended information. The court subsequently sentenced Zellers to consecutive terms of imprisonment of 6 to 10 years and 1 to 1 year.

## ASSIGNMENTS OF ERROR

Restated, Zellers assigns that the district court erred in (1) finding that there was a sufficient factual basis to convict him of attempted first degree assault and (2) imposing an excessive sentence. Zellers also claims that his trial counsel was ineffective in failing to argue that the evidence was insufficient to support the attempted first degree assault charge and in advising the court that Zellers had been unsuccessful at community corrections and that he had been terminated from a halfway house.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Mead*, 313 Neb. 892, 987 N.W.2d 271 (2023).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Evans*, 316 Neb. 943, 7 N.W.3d 650 (2024). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Zitterkopf*, 317 Neb. 312, 9 N.W.3d 896 (2024). In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

## ANALYSIS

*Sufficiency of Factual Basis.*

Zellers assigns as error that there was an insufficient factual basis to support a finding that he was guilty of attempted first degree assault, since the injury to Ahrens was the result of an accident. He argues that there was a lack of evidence offered or recited to show that he intentionally or knowingly caused or attempted to cause serious bodily injury to Ahrens. Rather, he asserts that when Ahrens grabbed him by the shirt, he spun around, which caused them both to fall to the ground. Zellers does not dispute that Ahrens suffered serious bodily injury.

A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019). The State

argues that Zellers waived any objection to the sufficiency of a factual basis by virtue of the colloquy at the plea hearing. In *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019), the Nebraska Supreme Court recognized that a defendant may be treated as having waived an objection to the sufficiency of the State's factual basis where the record of a plea colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object upon inquiry by the court. See, also, *State v. Fox*, 31 Neb. App. 602, 986 N.W.2d 92 (2023) (defendant waived objection to factual basis where defendant and counsel indicated no objection to factual basis in order to take advantage of plea agreement).

At the plea hearing in this case, following the recitation of the factual basis, the district court inquired of Zellers whether he had heard what the State believed their evidence would be if the matter went to trial, and Zellers answered in the affirmative. Zellers confirmed that he still wished to enter pleas to the charges. The court then asked Zellers' counsel whether he believed that the pleas were consistent with the law and the facts in the case, to which counsel answered in the affirmative. Thus, Zellers arguably waived any objection to the factual basis. However, because Zellers also assigns that his counsel was ineffective in failing to object to the factual basis for the attempted first degree assault charge, we will address the merits of the argument here.

A person commits the offense of assault in the first degree if he or she intentionally or knowingly causes serious bodily injury to another person. Neb. Rev. Stat. § 28-308(1) (Reissue 2016). A person is guilty of an attempt to commit a crime if he or she (a) intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be; or (b) intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime. Neb. Rev. Stat. § 28-201(1) (Cum. Supp. 2022).

The intent required under subsection (1) of § 28-308 relates to the assault, not to the injury which results. See *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). The intent with which an act is committed is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Haynie*, 317 Neb. 371, 9 N.W.3d 915 (2024). To determine whether the defendant acted with justification or had the required intent for assault in the first degree, the jury may consider circumstantial evidence as to the force of the blow the defendant administered. *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988).

In the instant case, the force of Zellers' spinning action toward Ahrens was such that it caused Ahrens to fall to the ground. Based upon Zellers' action of punching Brave at the time of this encounter with Ahrens, it is reasonable to infer that when Zellers spun around toward Ahrens, he intended to assault her.

*Excessive Sentence.*

Zellers assigns that the district court erred in imposing an excessive sentence.

The first step in analyzing whether sentences are excessive is to examine the statutory limits for each offense. *State v. Johnson*, 33 Neb. App. 194, 11 N.W.3d 703 (2024). An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *Id.*

Zellers was convicted of attempted first degree assault, a Class IIA felony, punishable by up to 20 years' imprisonment; and third degree assault, a Class I misdemeanor, punishable by up to 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022); Neb. Rev. Stat. § 28-106 (Reissue 2016). He was sentenced to terms of imprisonment of 6 to 10 years, and 1 to 1 year, respectively. He was given credit for 73 days previously served.

Although Zellers' sentences were well within the statutory limits, he nonetheless argues that the sentences imposed were excessive. Zellers argues that he did not intend to severely injure the victim and "his punishment should reflect that circumstance." Brief of appellant at 18. We review his claim for abuse of discretion, determining whether the sentencing court properly considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed. See *State v. Johnson, supra*. Relevant factors in that analysis may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id*.

Zellers was 51 years old at the time of sentencing. He was unemployed and receiving "SSI" benefits. The presentence investigation report (PSI) reveals that Zellers has an extensive criminal history, including convictions for DUI (four convictions), disturbing the peace (numerous convictions), assault/strike/cause bodily injury (four convictions), terroristic threats (two convictions), third degree assault on an officer (two convictions), third degree assault, obstructing a peace officer, and theft by shoplifting. He has served various jail sentences and has had his probation revoked on three occasions. On the Level of Service/Case Management Inventory, Zellers scored in the overall very high risk range to reoffend. The PSI reflects that Zellers has had a history of mental health issues, substance use concerns, and a gambling addiction.

At the sentencing hearing, the district court indicated that it had reviewed the PSI. The court referenced Zellers' criminal history dating back to the early 1990s which has "gone unabated" except for periods when he was incarcerated. The court noted the "ridiculousness" of the assaults over a $2.50 loss in a gambling machine. The court also noted the many opportunities that Zellers had for treatment which he did not complete. The court concluded that the risk was "quite certain during any period of probation that [Zellers] would engage in additional criminal conduct," and that a lesser sentence would "absolutely" depreciate the seriousness of the crimes and promote disrespect for the law.

Considering the relevant factors and applicable law, we cannot find an abuse of discretion by the district court in the sentences imposed upon Zellers.

*Ineffective Assistance of Trial Counsel.*

Zellers assigns that his trial counsel was ineffective in failing to object to the factual basis relating to the attempted first degree assault charge, and in making comments at sentencing regarding Zellers' involvement with community corrections and a halfway house.

On direct appeal, Zellers has new counsel who was not his trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must

raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Rush*, 317 Neb. 622, 11 N.W.3d 394 (2024). Otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Id.*

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Zitterkopf*, 317 Neb. 312, 9 N.W.3d 896 (2024). When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Rush, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness. *Id.* In order to satisfy the prejudice requirement in the context of a plea, the defendant must show that his or her counsel erred and there is a reasonable probability that but for counsel's errors, the defendant would not have pled and would have insisted upon going to trial. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

We turn now to each of Zellers' ineffective assistance of counsel claims.

*Factual Basis.*

As we discussed above, the factual basis was sufficient to support the attempted first degree assault charge. The evidence surrounding the incident showed that as Zellers was punching Brave, Ahrens pulled on his shirt at which time Zellers spun toward Ahrens and knocked her to the ground. In the PSI, Zellers stated that he pushed Ahrens down. It is reasonable to infer that Ahrens had the requisite intent to assault Ahrens. Further, the intent required under § 28-308(1) relates to the assault and not the injury. See *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). And, as noted above, Zellers does not dispute that Ahrens suffered serious bodily injury as a result of the assault. Because the factual basis was sufficient to support the conviction for attempted first degree assault, counsel was not ineffective for failing to object to the factual basis. See *State v. Devers*, 313 Neb. 866, 986 N.W.2d 747 (2023) (counsel not ineffective for failing to raise argument that has no merit).

*Trial Counsel Comments at Sentencing.*

Zellers assigns that his trial counsel was ineffective in comments made at the sentencing hearing regarding Zellers having been in community corrections and a halfway house. At the sentencing hearing, trial counsel was outlining efforts that Zellers had made in the past to try to engage with different treatment services. Counsel stated that Zellers had obtained a substance use evaluation, was out on community corrections for a period of time, and was in a halfway house for a period of time. Counsel acknowledged that Zellers had not been able to successfully complete any of the programs, but that he was continuing to make efforts to address the issues that brought him before the court.

Zellers argues that he had not been in community corrections in this case or in a halfway house in Sioux City. The PSI shows that Zellers had been in "Community Corrections" for about a month at the beginning of 2023 and had been in treatment in Sioux City for a couple of weeks but left early due to disagreements with other individuals. In connection with this case, Zellers did enter the "Oxford House" in late 2023, before leaving and returning home. Thus, while counsel's reference to community corrections and a halfway house in Sioux City being related to this case may have been incorrect, Zellers did in fact participate in these activities, and the record confirms that Zellers was in the Oxford House during this case but left early. Trial counsel was not ineffective for referencing these efforts at rehabilitation.

## CONCLUSION

The factual basis was sufficient to support Zellers' conviction for attempted first degree assault, and the district court did not abuse its discretion in accepting Zellers' plea of no contest to this charge. The court did not abuse its discretion in the sentences imposed. Zellers' claims of ineffective assistance of trial counsel fail.

AFFIRMED.